UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:15-cr-155 |
| | : | |
| vs. | : | District Judge Walter Herbert Rice |
| | : | Chief Magistrate Judge Sharon L. Ovington |
| PETRONA PENN, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION[1]

This case came before the Court for a change of plea hearing on March 21, 2016. Attorneys Alex Sistla (on behalf of the Government) and Arthur Mullins (on behalf of Defendant) participated.  Defendant was present with counsel.

Prior to the hearing, the parties entered into a proposed binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), which agreement has been filed of record. (Doc. 16).  Under the terms of the plea agreement, Defendant agreed to plead guilty to Count One of the Indictment filed in this case, which count charges Defendant with "Making False Claims to the United States," in violation of 18 U.S.C. § 287.

During the plea hearing, the undersigned had the opportunity to address Defendant in open court and to inform Defendant of all rights and privileges as set forth in Fed. R. Crim. P. 11(b)(1).  Further, the undersigned carefully inquired of Defendant regarding her understanding of the agreement, as well as her competence to understand the agreement. Having fully inquired, the undersigned Judicial Officer finds that Defendant's tendered

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

plea of guilty to Count One of the Indictment was knowing, intelligent, and voluntary. Additionally, based upon the statement of facts, which were read into the record and affirmed by Defendant, the undersigned finds that there is a sufficient factual basis for finding that Defendant is in fact guilty as to Count One.

Based upon the foregoing, it is **RECOMMENDED** that the District Court accept Defendant's plea of guilty to Count One of the Indictment and find Defendant guilty as charged of "Making False Claims to the United States," in violation of 18 U.S.C. § 287, a Class D felony. It is further **RECOMMENDED** that the District Court defer acceptance of the proposed binding plea agreement until it has the opportunity to review the pre-sentence investigation report ("PSR").

Pending the Court's acceptance of Defendant's guilty plea, Defendant has been referred to the Probation Department for a pre-sentence investigation and preparation of the PSR.

Date:  3/22/2016                                             *s/ Sharon L. Ovington*
                                                                                        Sharon L. Ovington
                                                                                        Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Crim. P. 59(b)(2), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Crim. P. 49(c) and Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).